Pratt, J.
There are three appeals in this matter. One is from the order of Justice Culeen, denying leave to file an amended answer. That order rested in discretion, and we think the discretion was wisely exercised.
One appeal is from the order of Justice Barnard, refusing to remove one of the appraisers.
We think no case was made for the removal. There was no ground to suppose the existence of a personal prejudice or interest, and the fact that the appraiser had expressed an opinion on some of the law points with which the counsel for the owners could not concur, was not sufficient to render him an improper person to sit in the case.
If it were necessary that appraisers or referees should have no opinions upon the legal questions to be argued before them, the field within which they could be selected would be very limited.
The more important matter for consideration is whether the damages awarded by the appraiser are adequate compensation for the property condemned.
It is conceded that the land acquired by the railroad company consists of about eight and one-half acres of land, upon which they propose to build warehouses, water tanks and about three and one-half miles of railroad tracks, and that they also acquire an equal amount of land to be comprised between the bulkhead line and the pier line, and the evidence leaves no doubt that the water front is of very great value.
There seems no reason to doubt that the land acquired by the company in this proceeding is at least of equal value to that lately purchased by another company for $146,000 in open market, for purposes similar to those for which the land in suit is desired by petitioners.
Testimony is hardly necessary to inform the court of the greater value of any property fronting upon New York harbor that is adapted to the terminal uses of a great continental railroad. The rise in Staten Island property within two years past proved to be 400 per cent, distinctly shows *395 that the value of the Staten Island shore for such purposes is now fully appreciated, and that the sales in previous years at a time when the improvements now in progress were not as yet projected, afford no adequate measure of the value to be placed upon such property in the present condition of affairs.
The recent changes in the uses of the water front having so entirely changed the future prospects of that species of property, any appraisals based upon the old valuations would be deceptive.
Any prudent proprietor seeking to decide the price at which he would be willing to part with his estate would be chiefly, if not entirely, controlled in his decision by the knowledge that his property possessed special advantages which would inevitably cause great corporations to struggle for its possession.
These advantages were frankly stated by Mr. Boardman in his testimony (folios 151 to 166), and other points are brought out by witnesses produced by the owners.
Upon the testimony, the fact for the appraisers to determine was the value of the property for the uses to which it could be most advantageously applied. 17 Wend., 676, 677; 8 Otto, 407; 33 Hun, 644; 27 Hun, 120, 5 T, & C., 217.
Were it not for the statute providing for condemnation proceedings, the owner would be able to select the time of sale and the purchaser with whom he would treat. Among contending bidders he would be free to select the highest.
The object of the statute is not to enable corporations to acquire, property for a less sum than the owner would thus be able to secure in the open market. The object is that corporations upon paying such sum as the owner might reasonably and fairly expect thus to receive, they may be enabled to possess and enjoy such property as public policy requires to be devoted to their purposes.
G-uided by these rules, we may easily see that the appraisers fell into error in the appraisal made by them.
The opinion states : “ We hold that we are not to fix or award damages beyond the actual, fair or marketable value of the premises, merely and solely because the property is especially desirable for the use of a railroad company.”
Taken in connection with the fact that the award for seventeen acres of land, whose value for railroad and warehouse uses is apparently much greater than the piece recently sold for $146,000, was only about $13,000, it is plain that, under a mistaken sense of duty, the appraisers have excluded from their consideration the value of the land for the new uses to which it is to be applied, and have based *396 their conclusions upon the old uses or want of use which, as we have seen, are of no assistance as guides to the value to be affixed to-day.
It cannot be believed that a prudent owner, in his senses, knowing what is. proved in this cause of the adaptability of this land for railroad and warehouse purposes, would for a moment consider an offer of $13,000 for the property.
The disparity between that sum and the real value is so gross that argument on the matter would be wasted. It follows that the appraisal must be set aside.
Much discussion has been had as to whether the grants by the state to various owners subsequent to the filing of the petition herein places them in a condition to demand damages in this proceeding.
At the time the petition was filed, the title to the land under water was in the state, but the adjoining owners had an interest in lands under water which has been recognized by the laws of New York for one hundred years (95 N. Y., 457), and which the state respects when consistent with the public use—an interest which has been called a presumptive right in the tide way.
The grant from the state was the ripening and hardening of this presumptive right into a legal title in accordance with the settled policy of the state.
The grants were made before the description of the land applied to be condemned took its present form, and it is to be remarked that the statute by which grants of land under water can be made to any person other than the adjoining owner was passed subsequent to the grants to the owners here.
We think the owners are entitled to recover damages as if their grants outdated the filing of the petition.
The appraisal should be set aside and new appraisers appointed, with costs to appellants.
Dykman J., concurs; Barnard, P. J., not sitting.